LONDON GUARANTEE AND ACCIDENT COMPANY, Appellant, *v.* BAYLES SHIPYARD, INC., Respondent.

Trial — contract — principal and agent — action to recover insurance premiums — rate dependent on whether policies were canceled by insurer or by direction of insured — undisputed testimony that employee of defendant, with authority to take charge of insurance, directed cancellation — erroneous refusal to direct verdict for plaintiff.

In an action to recover premiums alleged to be due on certain canceled policies of liablity insurance, the question at issue was as to whether the policies were canceled by plaintiff, the insurer, or by defendant, the insured, that fact being decisive of the question whether plaintiff was entitled to recover a *pro rata* of the ordinary premium to which it was entitled if it canceled the policies itself, or on the basis of a so-called short rate schedule, which was materially higher, to which it was entitled if they were canceled by direction of defendant. The fact was undisputed that defendant had authorized an employee to take entire charge of its insurance, that he obtained the policies in question and that his authority had not been revoked at a time when he told an employee of plaintiff to cancel the policies. *Held*, that it was error for the trial court to deny a motion for the direction of a verdict in favor of plaintiff for the amount of premiums at the short rate schedule and to submit to the jury the question whether defendant's employee had authority to cancel at the time he gave direction therefor.

*London Guarantee & Accident Co.* v. *Bayles Shipyard*, 203 App. Div. 895, reversed.

(Argued April 26, 1923; decided May 29, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 15, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*George F. Hickey, Joseph W. Bryan* and *William Butler* for appellant. There being no dispute that Richmond was employed by defendant to take complete charge of all its insurance business and there being no dispute that he did cancel the policies of insurance, the trial court erred in denying plaintiff's motion for the direction of a verdict for the plaintiff. (*Standard Oil Co.* v. *Triumph Ins. Co.*, 64 N. Y. 85; *Globe & Rutgers F. Ins. Co.* v. *Warner S. R. Co.*, 187 App. Div. 492; *Newman* v. *Lee*, 87 App. Div. 116; *Rolfe* v. *Hewitt*, 227 N. Y. 486; *Edwards* v. *Dooley*, 120 N. Y. 540; *Merkel* v. *Lazard*, 114 App. Div. 25; *Walsh* v. *Hartford F. Ins. Co.*, 73 N. Y. 5; *Crown Point Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608; *Claflin* v. *Lenheim*, 66 N. Y. 301; *McNeilly* v. *Continental L. Ins. Co.*, 66 N. Y. 23; *Cosmopolitan R. Co.* v. *Midland R. R. T. Co.*, 44 App. Div. 467; *Stevens* v. *Schroeder*, 40 App. Div. 590; *Hartjen* v. *Ruesamen*, 19 Misc. Rep. 149; *Ikeller* v. *Hartford Ins. Co.*, 24 Misc. Rep. 136.)

*Phelan Beale* for respondent.

McLAUGHLIN, J. The defendant entered into a contract with the United States Shipping Board Emergency Fleet Corporation by which it agreed to construct, equip and maintain a large shipbuilding plant at Port Jefferson, N. Y., and there to build certain vessels for the United States government. One of the provisions of the contract was to the effect that at any time the shipping board became dissatisfied with the progress of the work it could take possession of the plant, materials and uncompleted ships and complete the work itself. The defendant constructed the plant and entered upon the prosecution of the work called for by the contract.

On September 10, 1919, while the contract was in force, it applied to and obtained from the plaintiff two policies of insurance, one known as the standard employers' liability and compensation, and the other as public liability. Each policy was for one year and each contained a provision that the same could be canceled at any time by either party. If canceled by the plaintiff without the request of the defendant, or by the latter if it retired from business, then the plaintiff could only recover a *pro rata* premium from the defendant. If canceled at the request of the defendant for any reason other than because it was retiring from business, a so-called short rate schedule of premiums would apply, in which case the recovery would be much larger.

The defendant being in default in the payment of a portion of the premiums stipulated to be paid, this action was brought, the plaintiff alleging it was entitled to recover the sum of $14,310.68, since the policies had been canceled at the request of the defendant. The defendant denied it was indebted in that sum and alleged the cancellation was by the plaintiff, not at defendant's request, for which reason it could only recover $9,364.64, a *pro rata* amount of the premium charged. The jury found the amount due as asserted by the defendant. The judgment entered on the verdict was, on appeal by plaintiff to the Appellate Division, affirmed, one of the justices dissenting. The appeal to this court followed.

On the 21st of April, 1919, while the policies in question were in force, the United States shipping board, acting under the provisions of its contract with the defendant, having become dissatisfied with the way the work was being done and the progress made, took possession of the plant and excluded the defendant therefrom.

The policies were obtained from the plaintiff by one Richmond, an employee of the defendant who had charge of its entire insurance. Information having reached him, or one Lang, who was in charge of the engineering

and rating departments of the plaintiff, that the United States shipping board had, or was about to cancel the policies in question, they went to Philadelphia on May 6, 1919, and had an interview with one Barrett, who had charge of the insurance for the shipping board. Barrett informed them that he had placed the insurance elsewhere and that the policies in suit had been canceled. He had no authority to cancel the insurance and he was in effect so informed by Lang; that in any event ten days' notice had to be given prior to the cancellation; and also ten days' notice of an intention to cancel had to be given to the state industrial commission; and that such notices had not been given. Barrett insisted that the policies were no longer in force and thereupon Lang turned to Richmond and asked his advice what to do. He told him to cancel the policies and by his instructions the policies were canceled.

The defendant having been excluded from the plant, the workmen engaged therein no longer being in its employ, there was no further necessity for the compensation insurance on its part, nor was there any necessity for the public insurance. Its interest, therefore, was clearly to have the policies canceled. To continue them in force was to necessitate payment for something which was of no benefit to it. It is quite apparent that Richmond appreciated this when he told Lang to cancel the policies.

The jury was instructed that the policies were canceled at Richmond's direction. No exception to such instruction was taken by defendant.

The fact was undisputed that Richmond had been authorized by defendant to take entire charge of its insurance. He obtained the policies in question and his authority at the time he directed Lang to cancel them had not been revoked.

The plaintiff asked for the direction of a verdict for the amount claimed in the complaint. This was denied

and an exception taken, the court submitting to the jury the question as to whether Richmond had authority to cancel at the time he told Lang to do so.

The judgments appealed from, therefore, should be reversed and a new trial ordered, with costs to appellant to abide event.

HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., absent.

Judgments reversed, etc.